# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael S. Gorbey,**
**Plaintiff Below, Petitioner**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0400** (Kanawha County 12-C-2299)

**State of West Virginia, et al.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael S. Gorbey, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered December 6, 2012, that dismissed his civil action as frivolous and for a failure to state a claim on which relief could be granted. Respondent State of West Virginia, by counsel Laura Young, filed a response. Respondents North Central Regional Jail, Correctional Officer Roy Wagner, II, West Virginia State Police, Troopers Branham and Rogers, Lt. Col. Sloan, and Col. Lemon ("individual respondents"); by counsel Monté L. Williams, Julie A. Arbore, Timothy R. Linkous, and Margaret L. Miner; filed a separate summary response. Petitioner filed a reply to each.[1]

The Court has considered the parties' briefs and the record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a prior action against Respondent State and other defendants in Doddridge County, West Virginia, alleging malicious prosecution in connection with fugitive warrants that petitioner claimed were invalid. The Circuit Court of Doddridge County dismissed that action for improper venue. Petitioner appealed to this Court which affirmed the Doddridge County court's

---

[1] Petitioner also moves to strike one of the responses asserting that the respondents share an identity of interests. After careful consideration of petitioner's argument, this Court denies his motion to strike.

[2] Although this Court denied petitioner's motion to proceed on a designated record, he failed to file an appendix. Consequently, Respondent State has moved to file a supplemental appendix it has submitted to the Court. Petitioner opposes the motion to supplement, but also has moved to file a "reply appendix" he has submitted to the Court. After careful consideration, this Court grants both Respondent State's motion to supplement and petitioner's motion to file a "reply appendix," and orders the appendices filed.

1

dismissal order. *See Gorbey v. State*, No. 12-0398, 2012 WL 3155752 (W.Va. Supreme Court, March 30, 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 303, 184 L.Ed.2d 179 (2012). In affirming the dismissal, this Court noted that "petitioner's criminal history spans twenty years, involving numerous occasions, in several states." *Id.* at *1.

Petitioner filed the instant action in the Circuit Court of Kanawha County where venue is proper against Respondent State.[3] Petitioner's complaint alleged malicious prosecution, abuse of process, gross negligence, negligence per se, deliberate indifference, and other claims. Petitioner further averred that the specific allegations contained in his complaint were "[a] part of a larger conspiracy covering multiple state and federal agencies and individual peoples [in] West Virginia, Virginia, and Washington, D.C." Petitioner continues that he "has repeatedly attempted to file redress and receive relief to only suffer delays and impeedings [sic] repeatedly taking advantage of [petitioner]'s incarcerated and indigent status that were caused by the events of the conspiracy." As part of the relief he seeks, petitioner asks for disability payments for life from Respondent State at the rate of $1,000 per month because the State, and its agencies and officials, have contributed to his having "a delusional order [or] 'phobia.'"[4]

The instant action is not the first case where petitioner has raised his mental health issues. In petitioner's appeal of unrelated criminal convictions in the District of Columbia, his appellate counsel argued that the trial court abused its discretion by not ordering an evaluation of petitioner's competency to stand trial and by permitting petitioner to represent himself at trial. The District of Columbia Court of Appeals in *Gorbey v. United States*, 54 A.3d 668, 677 (2012), rejected counsel's argument and generally affirmed petitioner's convictions,[5] but remanded the case for an inquiry into whether petitioner intelligently, knowingly and voluntarily waived a possible insanity defense. In its opinion, the court in *Gorbey* noted that a clinical summary prepared during petitioner's sentencing phase noted that petitioner had a "persecutory type" delusional order where he has "[a] preoccupation that . . . government agencies have conspired, and continue to conspire, against him." 54 A.3d at 696 and n. 47 (quoting clinical summary). Consequently, petitioner's claim that he has a delusional disorder has support in his public record.

In the case at bar, the Circuit Court of Kanawha County determined that it should pre-screen petitioner's civil action before issuance of process pursuant to the West Virginia

---

[3] *See* W. Va. Code § 14-2-2.

[4] Petitioner also sought $109,000 in compensatory damages, $250,000 punitive damages, a dismissal of all remaining fugitive proceedings filed on behalf of the Commonwealth of Virginia, and an expungement of his entire West Virginia criminal record including traffic tickets.

[5] The court found that certain of petitioner's convictions for carrying a dangerous weapon and unlawful possession of ammunition merged with each other pursuant to *Blockburger v. United States,* 284 U.S. 299 (1932), but affirmed *in toto* petitioner's convictions for an unregistered firearm, use or transportation of explosives for an unlawful purpose, and attempted manufacture of a weapon of mass destruction. *See generally Gorbey v. United States*, 54 A.3d 668, 677, 699-707 (D.C. 2012).

Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 to -8.[6] Following review, the circuit court dismissed petitioner's civil action as frivolous and for a failure to state a claim on which relief could be granted. Petitioner now appeals the circuit court's December 6, 2012, dismissal order.

We review de novo the dismissal of petitioner's action. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*"). On appeal, petitioner asserts that the circuit court should not have dismissed his action unless there were no set of circumstances under which he could have a claim for relief. Respondent State counters that the circuit court correctly found that petitioner's action was frivolous. The individual respondents likewise argue that the dismissal should be upheld.

After conducting a thorough and independent review of petitioner's complaint, this Court finds that the allegations contained therein are frivolous and fail to state a claim upon which relief can be granted. Therefore, this Court concludes that the circuit court did not err in dismissing the action for a failure to state a claim upon which relief can be granted.[7]

For the foregoing reasons, we affirm.

---

[6] Petitioner is currently in the custody of the District of Columbia Department of Corrections. This Court's records indicate that petitioner was previously an inmate at the North Central Regional Jail. Subject to exceptions not relevant here, the West Virginia Prisoner Litigation Reform Act requires civil actions by current or former West Virginia inmates be screened for possible dismissal prior to the issuance of process:

> The court shall, prior to issuance of process, review the complaint, petition or other initial pleading to determine whether a civil action is frivolous or malicious as defined in subsection (b) of this section and fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief. If the complaint, petition or other initial pleading is frivolous or malicious, fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief, the court shall not issue process and shall dismiss the case.
>
> (b) A civil action is frivolous or malicious if it:
>
> (1) Has no arguable basis in fact or law[.]

W.Va. Code § 25-1A-4(a) and (b)(1).

[7] The circuit court also based its dismissal on the fact that respondents were immune from petitioner's claims for monetary relief. Having found the circuit court's other grounds for dismissal adequate to support its decision, this Court declines to address the immunity ground.

Affirmed.

**ISSUED:** November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II